**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 06-cv-01776-LTB

QFA ROYALTIES LLC,

    Plaintiff,

v.

INNA BOGDANOVA,
YELENA VEKSHINA, and
ANNADEN, INC.,

    Defendants.

_____

**Order**
_____

This Order addresses one motion by plaintiff QFA Royalties LLC ("QFC") to remand this case to Colorado State court and one motion by defendants Inna Bogdanova, Yelena Vekshina and Annaden, Inc. ("the Bogdanova defendants") to dismiss or stay this case in deference to parallel proceedings in New Jersey State court in this dispute between QFA and the Bogdanova defendants over a franchise agreement to operate a Quizno's restaurant in New Jersey. For the reasons stated below QFA's motion to remand is DENIED and the Bogdanova defendants' motion to dismiss is DENIED.

## I.   BACKGROUND

QFA is a Delaware Limited Liability Company with its principle place of business in Colorado. It is involved in the business of granting franchises to qualified persons to operate Quizno's restaurants. The Bogdanova defendants are all New Jersey residents. QFA and

defendants entered into a contract to operate a Quizno's franchise in New Jersey, memorialized in a Franchise Agreement and several addenda (referred to herein as "the Franchise Agreement.") The parties apparently suffered from a breakdown in their business relationship, the specifics of which are not part of the record of this case, which led to litigation in multiple forums.

On January 20, 2006 the Bogdanova defendants filed suit in New Jersey State court against numerous defendants, including several Quizno's entities but not QFA. The plaintiffs there claimed, among other things, fraudulent inducement, breach of contract and violations of New Jersey Consumer Protection Act and the New Jersey Franchise Practice Act. According to the Bogdanova defendants (the plaintiffs in the New Jersey action), the New Jersey defendants filed motions to dismiss these claims, the motions were denied, some unspecified defendants filed answers to the claims and discovery has begun in that case. While the Bogdanova defendants submitted with their filings here correspondence from a mediator appointed by the New Jersey court, the Bogdanova defendants do not offer any other relevant details regarding the New Jersey proceedings, such as the nature of the motions to dismiss, which defendants filed these motions, on what basis they were denied, which defendants answered the complaint, the specific status of discovery in that case or the overall schedule of the case.

On July 24, 2006 QFA filed claims in the District Court, City and County of Denver, State of Colorado ("Denver District Court") against the Bogdanova defendants for breach of contract. On September 7, 2006 the Bogdanova defendants here filed a timely notice of removal, stating that QFA claims more than $100,000 in damages and that there is complete diversity among the parties. QFA does not appear to challenge either of these grounds for removal.

On or about September 13, 2006 the Bogdanova defendants filed an amended complaint in

2

the New Jersey action adding QFA as a defendant. On September 15, 2006 the Bogdanova defendants filed this motion to dismiss or in the alternative stay this action in deference to the New Jersey proceeding, and on September 27, 2006 QFA filed this motion to remand this action to the Denver District Court.

## II.  DISCUSSION

QFA requests that I first address the motion to remand. Since the motion to remand potentially moots the motion to dismiss, I will address the motions in that order.

A. <u>Motion to Remand</u>

QFA moves to remand this case to the Denver District Court under 28 U.S.C. § 1447(c). QFA argues that the Franchise Agreement contains a forum selection clause and a waiver of rights which, taken together, waive the Bogdanova defendants' right to remove. The relevant provision of the Franchise Agreement states, in relevant part:

> "Franchisee and Franchisor have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship. Therefore, if a claim is asserted in any legal proceeding involving Franchisee or any Bound Party and Franchisor, the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts."

Franchise Agreement, § 21.1.

QFA contends that this language means in essence that once QFA files in Colorado state court, the Bogdanova defendants may not file a removal action. The Bogdanova defendants argue that since the Franchise agreement allows suits in Colorado state or federal court, the waiver means only that they are limited to defending against QFA claims in one of these two

3

specified forums, not that they are prohibited from removing from the Colorado state forum to the Colorado federal forum.

While a plaintiff who meets the statutory requirements of 28 U.S.C. § 1441 generally has an "absolute" right to removal, *Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990), a plaintiff may waive his removal rights if the waiver is "clear and unequivocal." *Milk 'N' More, Inc., v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992). The plain language of the Franchise Agreement, analyzed as a whole, is not a clear and unequivocal waiver. The waiver language states that the parties waive their objections to the personal jurisdiction or venue in "such courts," referring to the Denver District Court or the United States District Court in Colorado. Since the language here is in the plural, I read it to mean that the parties waive their rights to litigate outside of the "courts" designated in the agreement. It does not mean that they have waived their right to remove from one court to another.

Significantly, this contract does not contain the typical indicia of a waiver of removal rights: an explicit waiver of rights, language granting one party the right to choose the forum for litigation or the establishment of one exclusive forum for litigation. *See City of New Orleans v. Municipal Administrative Services,* 376 F.3d 501, 504 (5th Cir. 2004). This contract does not contain an explicit waiver of removal rights, defendants are not trying to litigate outside of the exclusive forums designated in the contract, and the contract contains no language suggesting that either party has the unfettered right to select the forum of litigation.

At most, the contract language here could mean either that the Bogdanova defendants may or may not remand. "Terms used in a contract are ambiguous when they are susceptible to more than one reasonable interpretation." *Roberts v. Adams,* 47 P.3d 690, 696 (Colo. Ct. App.

2001). "If the terms of a contract are ambiguous, they must be strictly construed against the party drafting the contract." *Colorado Interstate Gas Co., Inc. v. Chemco, Inc.,* 833 P.2d 786, 789 (Colo. Ct. App. 1991). Here, the Bogdanova defendants allege, and QFA does not dispute, that this contract was drafted by QFA. Accordingly, to the extent the meaning of the waiver is ambiguous, I must interpret it against QFA. Moreover, the very presence of ambiguity shows that the waiver is not clear and unequivocal and so cannot be a valid waiver. *City of New Orleans,* 376 F.3d at 505-506.

I question whether the waiver language here bars removal for an additional reason. The language here specifically waives the parties' rights to challenge personal jurisdiction and venue. But removal actions relate to subject matter jurisdiction. *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68-69 (1996) (discussing diversity requirements of removal statute as question of subject matter jurisdiction); 28 U.S.C. § 1447(c) (characterizing a basis for a remand of a removal action as the lack of subject matter jurisdiction); *Dalrymple v. Grand River Dam Authority,* 145 F.3d 1180, 1185 (10th Cir. 1998) (describing an inquiry into removal under 28 U.S.C. § 1441(b) as an "inquiry into subject matter jurisdiction.") The Bogdanova defendants do not challenge the personal jurisdiction of the Denver District Court. They also do not challenge venue in Denver, since they have removed the case from one Court located in Denver, Colorado to another Court located in the District of Colorado. Rather, they are asserting their right to a federal forum based on the subject matter jurisdiction of this case. Since the language does not address subject matter jurisdiction, it cannot waive the Bogdanova defendants' rights to the subject matter jurisdiction of the federal court in the District of Colorado.

QFA relies on several cases in other circuits to show that this waiver language is an

5

unambiguous waiver of the right to removal. All of these cases are distinguishable.  In *iNet Directories, LLC v. Developershed, Inc.,* 394 F.3d 1081 (8th Cir. 2005), the contract waiver specifically addressed subject matter jurisdiction, while the language here does not. *iNet*, a one page opinion providing little analysis, relied on *Waters v. Browning-Ferris Industries, Inc.,* 252 F.3d 796 (5th Cir. 2001), also cited by QFA. In *Waters,* the Eight Circuit relied on the principal that a party may  waive its right to remove when "the contract makes clear that the other party to the contract has the right to choose the forum in which any dispute will be heard." *Id.* at 797. Since the contract language in *Waters* specifically waived the right of the defendant company to challenge the choice of fora, it implicitly granted the plaintiff the right to designate the forum "where his suit could be filed and heard." *Id.* at 798. The Franchise Agreement here, unlike the contract in *Waters,* does not grant forum selection rights to QFA, but rather allows either party to select the state or the federal forum.

Similarly, in *Snapper, Inc. v. Redan,* 171 F.3d 1249, 1260 (11th Cir. 1999), the contract stated that legal actions under the contract will be brought in the state or federal courts of Georgia, "as the Creditor (plaintiff) may elect," and also contained a waiver stating that the parties "expressly waive(ing) whatever rights may correspond to it by reason of its present or future domicile." This language specifically grants the plaintiff the choice of forum, and waives rights based on domicile, which are specifically implicated in a removal action based on diversity. Again, no such language is present in the contract here.

For all of these reasons, I find and conclude that the language in the Franchise Agreement does not constitute a clear and unequivocal waiver of the right to removal, and QFA's motion to remand is denied. QFA also seeks attorney fees, costs and expenses under 28 U.S.C. § 1447(c).

Since I deny QFA's motion to remand I need not reach this issue. However, I note that fees are awarded under § 1447(c) only when the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 126 S.Ct. 704, 711 (2005). Since the Bogdanova defendants had at the very least a reasonable basis for seeking removal, I would deny QFA's claim for attorney fees even if I granted its motion to remand.

B.      Motion to Dismiss or in the Alternative to Stay Proceedings

The Bogdanova defendants move to dismiss, or in the alternative to stay the federal court action in deference to the New Jersey State court action, under principles of judicial abstention. The Supreme Court has made clear that in general, "abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. U.S.,* 424 U.S. 800, 813 (1976). A district court's decision to decline jurisdiction "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* Abstention is only justified "in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.*

Although the Bogdanova defendants contend that they rely on multiple principles of abstention, the facts of this case, and the cases they rely on, relate almost exclusively to abstention in situations involving "the contemporaneous exercise of jurisdiction" by state and federal courts. *Id.* at 817. While other abstention doctrines address "proper constitutional adjudication and regard for federal-state relations," *Colorado River* abstention is concerned with "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* Accordingly, its scope is "considerably more limited" than that of other

abstention doctrines. *Id.* at 818. Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817. However, abstention to conserve judicial resources is appropriate in "exceptional" circumstances. *Id.*

    1.  Are the Proceedings Parallel?

Before considering the factors the Supreme Court has identified as important in assessing whether deference is appropriate in parallel state and federal proceedings, I must first ascertain whether the proceedings are parallel. *Fox v. Maulding,* 16 F.3d 1079, 1081 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* This requires analyzing the state proceedings "as they actually exist to determine whether they are parallel to the federal proceedings." *Id.*

QFA does not appear to dispute that the issues in the two forums are substantially the same. However, QFA contends that the parties in the two cases are not substantially the same. In the New Jersey action, defendants have sued numerous parties including various Quiznos entities, but not QFA. According to QFA, it was not added as a party to the New Jersey action until September 13, 2006, several days after the defendants removed this case to federal court. Additionally, none of the other defendants in the New Jersey case are parties here. Since the only parties that are the same in both proceedings are the defendants, QFA argues, the parties of the two cases are not substantially similar.

I find this argument unpersuasive. Even though the Bogdanova defendants added QFA as a defendant in the New Jersey action after filing for removal, they added QFA as a party before they filed this motion to dismiss. I analyze the similarity of the proceedings at the time the motion

is filed, and at that point, QFA was unquestionably a party to both proceedings. Additionally, in considering the similarity of parties, it is appropriate to consider whether entities in one proceeding are affiliates of entities in another proceeding. *Health Care and Retirement Corp. of America v. Heartland Home Care, Inc.,* 324 F. Supp.2d 1202, 1204 (D. Kan. 2004). While the record in this case is silent on the precise relationship between QFA and the various Quzino's entities sued in the New Jersey action, it is at the very least a reasonable inference that the entities bear some corporate connection. Moreover, QFA, whatever its technical relationship to the other Quizno's entities, has not alleged that its interests are different from the parties in the New Jersey case. *Id.* I therefore conclude that the New Jersey proceeding and this proceeding are substantially similar, and therefore are parallel proceedings.

    2.    Applying the *Colorado River* Factors

I now must consider and apply the factors the Supreme Court has identified to help determine whether deference to parallel state proceedings is appropriate. The Supreme Court in *Colorado River* identified several non-exclusive factors, including 1) whether the state or federal court has assumed jurisdiction over property in dispute, 2) the inconvenience to the parties of the federal forum, 3) avoiding piecemeal litigation, and 4) the order in which the courts obtained jurisdiction. *Colorado River,* 424 U.S. at 818. The Supreme Court in *Moses H. Cone Hospital v. Mercury Construction,* 460 U.S. 1 (1983) added additional factors, including the vexatious nature of the litigation, *id.* at 18 n. 20, whether federal law provides the rule of decision, *id.* at 23, and the adequacy of the state court proceeding to protect the federal plaintiff's rights. *id.* at 28.

This list should not be applied as "a mechanical checklist." *Id.* at 16. Determining abstention requires "a careful balancing of the important factors as they apply in a given case, with

the balance heavily weighted in favor of jurisdiction." *Id.*  "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River,* 424 U.S. at 818-819. "Only the clearest of justifications will warrant dismissal." *Moses H. Cone,* 460 U.S. at 16 (emphasis in original.)

        i)       Jurisdiction over property

This factor is not relevant to this dispute, as no property is involved.

        ii)      Inconvenience of federal forum

The Bogdanova defendants contend that this factor favors dismissal because it subjects them to litigating the same issues twice. While this burden is on both parties, the Bogdanova defendants argue that this obligation falls heavier on them in light of QFA's greater economic resources. QFA argues that this factor in fact favors them, since Colorado is more convenient to them. QFA argues additionally that since the franchise agreement designates the state or federal courts of Colorado as the forum for disputes, this forum is "conclusively" convenient. I decline QFA's invitation to rule on the meaning and applicability of the forum selection clause as part of a *Colorado River* analysis. Whether the contract language deprives the New Jersey court of jurisdiction over some or all of the claims before it is a matter for the New Jersey court. Significantly, neither party addresses whether witnesses or evidence will be more readily available in New Jersey or Colorado. I conclude that this factor does not favor either party.

        iii)     Avoiding piecemeal litigation

This factor favors dismissal. Allowing the federal proceeding to go forward would potentially lead to piecemeal litigation and potentially inconsistent outcomes.

iv)     Order in which courts obtained jurisdiction

The Bogdanova defendants filed in New Jersey before QFA filed in Colorado, and before the Bogdanova defendants filed for removal to federal court. But the key to this factor is not the chronology of filing, but the comparative progress of the litigation in the two forums. *Moses H. Cone,* 460 U.S. at 21. There has been no action in the federal suit, beyond a dispute over the remand motion addressed above. While the Bogdanova defendants contend that in the New Jersey action there have been motions to dismiss filed and denied, answers filed and discovery begun, they have provided only the barest record of the New Jersey action. They have provided documents showing that the New Jersey Court commenced mandatory mediation, and that this arbitration potentially involves the discovery necessary to support the arbitration process. But I have no other information on what motions have been filed, the disposition of these motions, the scheduling of the case, which defendants have answered the complaint or any other information regarding the status or progress of the New Jersey case. On this meager record, I cannot draw any conclusions about the status of the New Jersey case. This factor does not favor either party.

            v)      Vexatious or reactive nature of federal or state action

The record provides no evidence that addresses this issue. The Bogdanova defendants do not address this factor. QFA contends that this factor favors them because the Bogdanova defendants filed a removal motion and then shortly thereafter amended their complaint to add QFA as a party to the New Jersey action, evincing an intent to prevent litigation of this case in Colorado. This is sheer speculation and does not substantively address this factor. I conclude this factor favors neither party.

            vi)     Whether federal law provides rule of decision

Since federal law is not at issue in this case, this factor is not applicable. QFA contends that Colorado law will govern any disputes underlying the Franchise Agreement; the Bogdanova defendants appear to disagree. However, this Court and the New Jersey court are equally qualified to resolve any choice of law dispute that may arise in this case. This factor favors neither party.

                vii)     Adequacy of state court to protect rights of federal plaintiff

QFA argues that the New Jersey court cannot adequately protect its rights because the very presence of the case in New Jersey violates its right to litigate in the forum of its choice, as stated in the forum selection clause of the Franchise Agreement. Similarly, QFA contends that litigating in New Jersey places at risk its contractual right to have Colorado law apply to this dispute. Both of these arguments are, at this point, speculative. I have no record before me of any motion in the New Jersey action addressing these issues, and I will not rule on the potential prejudice to QFA of New Jersey litigation based on how the New Jersey court might rule on issues that QFA has not yet raised. QFA's argument for prejudice depends entirely on its interpretation of the forum selection and choice of law provisions of the Franchise Agreement, which are not before this court. This factor does not favor either party.

Overall, only one factor out of seven favors staying or dismissing this case. The others do not favor either party. The one factor favoring dismissal, avoiding piecemeal litigation, is not necessarily sufficient, by itself, to justify abstention. *See Rienhardt v. Kelly,* 164 F.3d 1296, 1303 (10th Cir. 1999). In light of the exceptional nature of granting a motion to dismiss or to stay in abstention relating to parallel state proceedings, I decline to abstain and I retain jurisdiction.

It is so Ordered that,

1) QFA's motion to remand (Docket # 5) is DENIED, and

2) Defendant's Motion to Dismiss, or in the Alternative to Stay (Docket #3) is DENIED.

**DONE and ORDERED,** this 21st day of November, 2006 at Denver, Colorado.

    s/Lewis T. Babcock
United States District Chief Judge